

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2003

# Lopez v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-3334

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Lopez v. Comm Social Security" (2003). *2003 Decisions.* Paper 736.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/736

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 02-3334

———

WILFREDO LOPEZ,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for District of New Jersey
(D.C. 99-cv-06133)
District Judge: Hon. Dennis M. Cavanaugh

———

Submitted Under Third Circuit LAR 34.1(a)
March 13, 2003

Before: SLOVITER, NYGAARD, and ALARCÓN[*], Circuit Judges

(Filed: March 17, 2003)

———

OPINION OF THE COURT

———

[*]     Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth
Circuit, sitting by designation.

SLOVITER, <u>Circuit Judge</u>.

Appellant Wilfredo Lopez appeals from the decision of the District Court affirming the final decision of the Commissioner of Social Security denying Lopez's claim for disability insurance benefits and supplemental security income under the Social Security Act.

## I.

### Facts and Procedural History

Lopez filed an application for disability insurance benefits and shortly thereafter for supplemental security income benefits in November 1996 claiming that he was disabled because of facial paralysis, high blood pressure, back pain, right eye problems and hearing loss. His applications were denied initially and on reconsideration. At his request, Lopez was granted a de novo hearing before an Administrative Law Judge (ALJ). At the hearing, Lopez testified that he worked as a machine operator for eighteen years and was discharged from employment in January 1996 because he missed too much work, allegedly due to lower back pain. Lopez testified that he collected unemployment benefits until approximately July 1996; state law requires that a recipient of unemployment benefits be able to work. Lopez's job involved standing, walking, bending, and lifting between twenty and thirty-five pounds. He has not been engaged in substantial gainful activity since 1996. Lopez also testified that he suffered from back problems, Bell's Palsy and hypertension. He was taking Procardia and Vasotec to control his hypertension. He claimed that his back ailments prohibited him from sitting or standing for longer than ten or fifteen minutes at a

2

time and from lifting objects.  Additionally, he testified that he suffered from right hand problems related to his Bell's Palsy, but said that his hand was still functional.  At the time of the hearing, Lopez testified that his day consisted of watching television and walking back and forth between his kitchen and living room and that occasionally he took a short walk outside.

The ALJ reviewed Lopez's relevant medical records, including reports from Newark University Hospital's emergency room and outpatient clinic and Dr. Ahamed, the physician who examined Lopez at the request of the Social Security Administration.  Newark University Hospital records showed that Lopez suffered from hypertension, which was treated with medication, and non-acute Bell's Palsy.  The records documented Lopez's complaints of being unable to blink his right eye, which was treated with artificial tears.  Dr. Ahamed concluded that aside from his Bell's Palsy and hypertension, Lopez's examination was within the normal range without any positive findings.

In proceeding through the required five step analysis prescribed by the regulations, the ALJ found that (step 1) Lopez had not engaged in substantial gainful activity since January 28, 1996, and that (step 2) Lopez had severe impairments of hypertension and low back pain, but that (step 3) neither met or equaled an impairment found in the listings.  He also found that Lopez has Bell's Palsy on his right side, but that impairment is not severe because it does not limit his ability to perform basic work-related functions.  The ALJ found that he was not disabled within the Social Security Act at step four of the sequential analysis because his residual functional capacity permitted him to perform medium-level

3

work, which involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objects weighing up to twenty five pounds. Lopez's past relevant work as a machine operator did not exceed this residual functional capacity. Thus, he concluded that Lopez was capable of returning to his past relevant work and was not disabled under the Act. He noted that Lopez's statements to the unemployment office "cast serious doubt on his credibility, as he was either able to work or misstated his abilities for financial gain." App. at 30.

Lopez requested the Appeals Council review the decision, claiming that the ALJ's decision was arbitrary and capricious because he did not give full and fair consideration to evidence in favor of Lopez. However, the Appeals Council concluded that there were no grounds for review.

Lopez filed suit in the United States District Court for the District of New Jersey seeking judicial review of the final decision of the Commissioner under 42 U.S.C. § 405(g). In a comprehensive opinion, the District Court held that there was substantial evidence to support the Commissioner's decision. The District Court noted that Lopez's ailments appeared to be overstated in light of the medical evidence and that Lopez failed to demonstrate how his ailments precluded him from doing his past relevant work as a machine operator.

## II.

### Discussion

This court's review of the Commissioner's final decision is limited to determining

whether the decision was supported by "substantial evidence," which is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Pierce v. Underwood, 487 U.S. 552, 564-65 (1988); Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

Lopez must prove that he is disabled under the Social Security Act to obtain benefits. See 42 U.S.C. § 423 (Supp. 2002). "Disability" is defined under the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." Id. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a) (2002). A claimant is unable to engage in substantial gainful activity when "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A).

The Commissioner must perform a five-step sequential evaluation process to make disability determinations under the regulations. See 20 C.F.R. § 416.920. If the claimant fails to meet the requirements at any step in the process, the Commissioner may conclude that the claimant is not disabled under the Act. The ALJ must determine, in order: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether claimant's severe impairment meets or equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt.

5

P, app. 1; (4) if not, whether claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920; Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000).

Claimant has the burden to establish that he is disabled under the Act. 20 C.F.R. § 404.1512. To meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. 42 U.S.C. § 423(d)(5)(A).

The ALJ's decision must be in writing and contain findings of fact and a statement of reasons and support thereof. Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981). The ALJ must set forth in his decision which evidence he rejects and the evidence he credits. Id. at 705.

Lopez contends that the ALJ failed to indicate which evidence he accepted and which he rejected so that the reviewing court is unable to tell if significant probative evidence was not credited or simply ignored. However, the ALJ set forth the essential considerations upon which he based his decision. The ALJ's opinion detailed the opinions and medical evidence on the record. In addition, he took into consideration the subjective testimony of Lopez, and noted that he questioned his credibility because of his inconsistent statements to the unemployment office. Furthermore, the ALJ noted that Lopez's complaints are not credible in light of the objective medical evidence.

In conclusion, the ALJ's findings contain the requisite amount of detail for a

6

reviewing court to determine whether the evidence was properly considered. In addition, substantial evidence supports the ALJ's decision that Lopez is able to return to his past relevant work as a machine operator.

## III.

## Conclusion

For the foregoing reasons, we will affirm the decision of the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Dolores K. Sloviter
Circuit Judge